# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Case No. 06-Cr-226

EMILIO JARA BARRERA,
MICHAEL CARDENAS,
ALCARIO RENEE CRUZ and
JOSE RAMON ZAVALA-URBINA,

    Defendants.

## **ORDER**

On September 26, 2006, a federal grand jury sitting in this district returned a two-count indictment against defendants Emilio Jara Barrera, Martin Cardenas, Alcarjo Renee Cruz and Jose Ramon Zavala-Urbina. Count One of the indictment charges the defendants with conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i) and 846 and 18 U.S.C. § 2. Count Two charges the defendants with intentionally possessing, with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i) and 18 U.S.C. § 2.

On September 27, 2006, defendant Cardenas (hereinafter, the defendant) appeared before United States Magistrate Judge William E. Callahan, Jr. for arraignment, entering a plea of not guilty. Pursuant to the pretrial scheduling order issued at that time, the defendant has filed a motion for hearing or proffer on admissibility of co-conspirator's statements (Docket #17), a motion to require notice of intention to use specific instances of conduct evidence (Docket #18) and a motion for pretrial notice of the government's intent to use evidence of other crimes (Docket #19). The government has not filed a response to these motions which

will be addressed herein. The defendant also filed a motion to suppress statements (Docket #16) which will be addressed in a separate decision.

## MOTION ON ADMISSIBILITY OF CO-CONSPIRATOR STATEMENTS

The defendant seeks a hearing pursuant to Fed. R. Crim. P. 104(a) to determine whether or not the statements of co-conspirators are admissible against him. (Docket # 17). The motion addresses the admissibility of co-conspirators' statements, pursuant to Fed. R. Evid. 801(d)(2)(E).

In United States v. Santiago, 582 F.2d 1128 (7th Cir. 1978), the Court of Appeals for the Seventh Circuit held this issue may be resolved at trial. Subsequent cases have continued to approve of this practice. United States v. Haynie, 179 F.3d 1048, 1050 (7th Cir. 1999); United States v. McClellan, 165 F.3d 535, 553 (7th Cir. 1999). This practice has been uniformly adopted in this district. As such, the defendant's motion will be denied as untimely. See United States v. Morken, No. 95-Cr-178, slip op. at 36-37 (E.D. Wis. April 20, 1996); United States v. Nevarez-Diaz, No. 97-Cr-211, slip op. at 14-15 (E.D. Wis. Dec. 20, 1997); see also, United States v. Rodriguez, 975 F.2d 404, 409-10 (7th Cir. 1992).

## MOTION FOR PRETRIAL NOTICE OF THE GOVERNMENT'S INTENT TO USE EVIDENCE OF OTHER CRIMES

Rule 404(b) of the Federal Rules of Criminal Procedure requires the government to give notice of its intention to use other crimes, wrongs, or acts evidence at trial, although the rule does not specify when such notice must be given. Rule 404(b) requires such notice regardless of whether the government intends to use the evidence during its case-in-chief at trial, for impeachment or for possible rebuttal. See Advisory Committee Notes, 1991 Amendments. However, the defendant seeks additional specific information, including names, addresses and copies of all documents and reports dealing with the alleged prior bad acts.

The defendant is not entitled to obtain the type of detail he seeks regarding Rule 404(b) evidence. Therefore, the government will have to provide notice of intention to use other crimes, wrongs or acts evidence at trial, but it need not provide the type of evidentiary detail that the defendant seeks.

With respect to the timing of such notice, Rule 404(b) makes no provision for the timing of the notice because what constitutes reasonable notice will depend largely on the circumstances of each case. See Note to 1991 Amendment to Rule 404(b). In the absence of a response from the government, the government will be ordered to disclose to the defendant Rule 404(b) evidence two weeks prior to trial.

## MOTION TO REQUIRE NOTICE OF INTENTION TO USE SPECIFIC INSTANCES OF CONDUCT EVIDENCE

With regard to the defendant's request for notice of the government's intention to introduce specific instances of conduct under Fed. R. Evid. 608(b), Rule 608 contains no notice requirement. Materials in the government's file have been made available to the defendant by means of the government's "open file" policy. The defendant is not entitled to know the manner in which the prosecution intends to use evidence to prove its case.

As noted by the court in United States v. Sanders, 893 F.2d 133, 137-38 (7th Cir. 1990), there is no constitutional right to discovery in a criminal case, although due process requires the government to disclose exculpatory evidence and Fed. R. Crim. P. 16 provides for the production of other evidence. "However, the government is not required to pinpoint every aspect of its strategy." Id. at 138 (citation omitted). Therefore, the government need not sift through its evidence to determine that evidence which it may seek to introduce at trial pursuant to Rule 608(d). See United States v. Climatemp, Inc., 482 F.Supp. 376 (N.D. Ill. 1979), aff'd,

705 F.2d 461 (7th Cir. 1983). In the absence of an explicit requirement, defendant's request will be denied. See Sanders, 893 F.2d at 137-38 (7th Cir. 1990).

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that defendant Martin Cardenas' motion for hearing or proffer on admissibility of co-conspirator's statements be and hereby is **denied**. (Docket #17).

**IT IS FURTHER ORDERED** that defendant Martin Cardenas' motion to require notice of intention to use specific instances of conduct evidence be and hereby is **denied**. (Docket #18).

**IT IS ALSO ORDERED** that defendant Martin Cardenas' motion for pretrial notice of government's intent to use evidence of other crimes be and hereby is **granted** as stated herein. (Docket #19). The government is ordered to provide such notice to defendant Cardenas two weeks prior to trial.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General L. R. 72.3 (E.D. Wis.), whereby written objection to any order herein or part thereof may be filed within ten days of service of this order. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin, this 2nd day of November, 2006.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge